**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AKIRA ISHIYAMA,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMUEL M. GLINES and JERROLD KRYSTOFF,<br><br>    Defendants. | Case No. 2:16-cv-00222-APG-PAL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF No. 8) |

    This is a dispute over non-payment of guarantees. Plaintiff Akira Ishiyama alleges that defendants Samuel M. Glines and Jerrold Krystoff guaranteed repayment of a loan Ishiyama made to Nexicon, Inc. but they now refuse to pay. Glines moves to dismiss for lack of personal jurisdiction or to transfer venue. Alternatively, he argues the complaint fails to state a claim against him. Ishiyama opposes, arguing Glines is subject to both general and specific personal jurisdiction. Alternatively, Ishiyama requests jurisdictional discovery. Ishiyama also opposes transfer of venue but requests transfer to California if the court is inclined to transfer.

    This court lacks personal jurisdiction over Glines. Ishiyama has not provided sufficient grounds to support jurisdictional discovery, so I deny that request. As for transfer, the parties have not provided sufficient information regarding the district to which this case should be transferred. I therefore direct the parties to file supplemental briefs on this issue.

**I. BACKGROUND**

    According to the complaint, in October 2009, non-party Nexicon, Inc., a Nevada corporation, executed a promissory note in favor of Ishiyama in the amount of $100,000, with all sums due by January 8, 2010. ECF No. 1 at 10-11. At the same time, defendants Glines and Krystoff each executed personal guarantees promising to satisfy Nexicon's obligations under the note. *Id.*

Nexicon defaulted, so Ishiyama sued in Nevada state court and obtained a judgment against Nexicon in May 2015 in the amount of $163,180.48. *Id.* at 11. However, Glines and Krystoff have not performed under the guarantees. *Id.* at 12. Ishiyama thus sued Glines and Krystoff in Nevada state court. Glines removed the action to this court and he now moves to dismiss for lack of personal jurisdiction and for failure to state a claim. Alternatively, he seeks to transfer venue to Missouri where he lives.

**II. ANALYSIS**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To meet this burden, a plaintiff must demonstrate that personal jurisdiction is (1) permitted under the applicable state's long-arm statute and (2) that the exercise of jurisdiction does not violate federal due process. *Id.* Nevada's long-arm statutes allow courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. Nev. Rev. Stat. § 14.065(1) ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the constitution of this state or the Constitution of the United States."). Because Nevada exercises jurisdiction to the extent the Constitution permits, I need determine only whether personal jurisdiction in this case would meet the requirements of due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

Where the issue is before the court on a motion to dismiss based on affidavits and discovery materials without an evidentiary hearing, the plaintiff must make "a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002). I accept as true any uncontroverted allegations in the complaint and resolve any conflicts between the facts contained in the parties' evidence in the plaintiff's favor. *Id.* However, for personal jurisdiction purposes, I "may not assume the truth of allegations in a pleading which are

contradicted by affidavit." *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (quotation omitted).

A federal district court may exercise either general or specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). The parties dispute whether Glines is subject to either general or specific jurisdiction.

**A. General Jurisdiction**

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). To establish general personal jurisdiction outside one's domicile, the plaintiff must demonstrate the defendant has sufficient contacts to the forum state to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain*, 284 F.3d at 1124 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006)). Courts consider such factors as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Bancroft*, 223 F.3d at 1086. "[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum." *Glencore Grain*, 284 F.3d at 1123 (citing *Helicopteros*, 466 U.S. at 415 n.9).

Glines avers he is a Missouri resident. ECF No. 8 at 86. He admits he worked for Nexicon but denies that he ever traveled to or worked in Nevada. *Id.* Instead, he contends he worked only in Missouri and California. *Id.* Ishiyama responds that Glines is subject to general personal jurisdiction in Nevada because he was the president of a Nevada company, and that during negotiations Glines indicated that actions arising out of the contracts would be governed by Nevada law and would have to be pursued in a court in Nevada.

Ishiyama cites no law for the proposition that being an officer of a corporation is sufficient to subject that person to general personal jurisdiction in the company's state of incorporation where the officer never conducted any activities in that state. Glines denies he ever traveled to or worked in Nevada. Ishiyama presents no contrary evidence. Rather, Ishiyama admits that he met Glines in Nexicon's California office. ECF No. 14-1 at 2. Merely being an officer of a Nevada corporation is insufficient to show continuous and systematic contacts that approximate physical presence to support general personal jurisdiction. *See Shaffer v. Heitner*, 433 U.S. 186, 215-16 (1977).

Ishiyama avers in a declaration that Glines and Krystoff represented to him that "any actions arising out of the documents must be brought in the State of Nevada . . . ." ECF No. 14-1 at 3.[1] Ishiyama does not explain how this statement would confer general personal jurisdiction and cites no law in support. *See* LR 7-2(d). Ishiyama therefore has not shown Glines is subject to general personal jurisdiction in Nevada.

**B. Specific Jurisdiction**

A nonresident defendant's contacts with the forum state may permit the exercise of specific jurisdiction if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. *Pebble Beach Co.*, 453 F.3d at 1155-56. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). Under the first prong of this "minimum contacts test," the plaintiff must establish either that the defendant "(1) purposefully availed himself of the privilege of conducting his activities in the forum, or (2) purposefully directed his activities toward the forum." *Pebble Beach Co.*, 453 F.3d at 1155. "Evidence of availment is typically action taking place in the forum that

---

[1] Both the note and guaranty have choice-of-law provisions selecting Nevada law. ECF Nos. 14-3 at 2; 14-4 at 2-3. However, neither contract contains a forum selection clause.

invokes the benefits and protections of the laws in the forum." *Id.* Evidence of direction usually consists of conduct taking place outside the forum that the defendant directs at the forum. *Id.* at 1155-56.

Glines argues he is not subject to specific jurisdiction because he did not avail himself of Nevada law or of the privilege of conducting activities in Nevada. Instead, he argues, he is alleged to have entered into a guaranty that was not executed in Nevada. Ishiyama responds that Glines purposefully availed himself of Nevada law when he signed the note and guaranty as president of a Nevada corporation and then allegedly allowed that company to have a judgment entered against it when it did not repay the note. Ishiyama also relies on a decision issued by the Supreme Court of Nevada, *Consipio Holding, BV v. Carlberg*, 282 P.3d 751 (Nev. 2012) (en banc), to argue that an officer who directly harms a Nevada corporation has affirmatively directed his conduct at Nevada and thus is subject to personal jurisdiction here.

Ishiyama has not shown Glines purposefully availed himself of the privilege of conducting activities in Nevada because there is no allegation or evidence that Glines engaged in any activity in Nevada. There is no allegation or evidence that the notes or guarantees were executed in Nevada. Nor has Ishiyama shown Glines purposefully directed his activities toward Nevada. Even if *Consipio* is correctly decided,[2] Ishiyama's claims do not arise out of harm to a forum corporation. Ishiyama is not bringing claims on behalf of or based on damage to Nexicon. Rather, the complaint is based on Glines' alleged failure to pay Ishiyama as required by a personal guaranty. Ishiyama is a California resident. ECF No. 1 at 9. Ishiyama thus has not shown specific jurisdiction over Glines.

### C. Jurisdictional Discovery

Ishiyama requests jurisdictional discovery "to determine the nature and scope of Defendant Glines['] contacts with Nevada as President and CEO of Nexicon, Inc., a Nevada corporation." ECF No. 14 at 10. Glines does not specifically respond to this request.

---

[2] *See Andes Indus., Inc. v. Chen Sun Lan*, No. 2:14-cv-00400-APG-GWF, 2014 WL 6611227, at *7 (D. Nev. Nov. 19, 2014) (criticizing *Consipio* as contrary to *Shaffer*).

A court ordinarily should grant jurisdictional discovery where the parties dispute pertinent facts bearing on the question of jurisdiction or more facts are needed. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). However, a court may decline to permit further discovery if it is clear that it would not produce evidence of facts supporting jurisdiction. *Id.* Thus, if the plaintiff's claim of personal jurisdiction "appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." *Pebble Beach Co.*, 453 F.3d at 1160. Whether to permit discovery on jurisdictional facts lies within my discretion. *Id.* at 1154.

I decline to grant jurisdictional discovery because Ishiyama has provided an insufficient basis to believe discovery would yield a different result. Glines denies he has ever traveled or worked in Nevada and Ishiyama has not produced anything to dispute that assertion. Ishiyama admits they met in Nexicon's California office. ECF No. 14-1 at 2. The filings with the Nevada Secretary of State related to Nexicon show a Missouri address for Glines. ECF Nos. 14-7 at 2; 14-8 at 12. They also list a New Mexico address for Nexicon's principal executive offices. ECF No. 14-9 at 2. Ishiyama's request for jurisdictional discovery is thus based on "little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). I therefore deny it.

### D. Transfer

Whenever a court "finds there is a want of jurisdiction" in a civil action, the court "shall" transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," but only if the transfer is "in the interest of justice." 28 U.S.C. § 1631. Additionally, 28 U.S.C. § 1406(a) "authorize[s] the transfer of a case so as to cure the lack of personal jurisdiction in the district where the case was first brought" if the transfer is in the interest of justice. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983).

I cannot transfer this action to Missouri as Glines requests because there is no basis to conclude this case could have been brought there when it was filed. Although Glines is a

Missouri resident, Krystoff is a Florida citizen (ECF No. 24 at 2) and there is no indication he has any contacts with Missouri.

It appears from the parties' submissions that California may be a proper venue because the promissory note and guarantees were negotiated there. However, the parties do not identify which district in California would be appropriate for transfer. I therefore direct the parties to submit supplemental briefs on the appropriate venue in California for transfer, if there is one.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Samuel M. Glines' motion to dismiss or alternatively to transfer **(ECF No. 8) is GRANTED in part and DENIED in part**.

IT IS FURTHER ORDERED that on or before October 11, 2016, the parties shall file briefs (limited to five pages) regarding the appropriate district in California for transfer of this case, if there is one. If no district is appropriate for transfer, this case will be dismissed.

DATED this 29th day of September, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE