# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AKIRA ISHIYAMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL M. GLINES and JERROLD KRYSTOFF,<br><br>　　　　　Defendants. | Case No. 2:16-cv-00222-APG-PAL<br><br>**ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** |

　　　　This is a dispute over non-payment of guarantees.  Plaintiff Akira Ishiyama alleges that defendants Samuel M. Glines and Jerrold Krystoff guaranteed repayment of a loan Ishiyama made to Nexicon, Inc. but they now refuse to pay.  Glines previously moved to dismiss for lack of personal jurisdiction or to transfer venue.  I concluded that this court lacks personal jurisdiction over Glines but the parties did not provided sufficient information regarding to which district in California this case should be transferred.  I therefore directed the parties to file supplemental briefs on this issue.

　　　　Ishiyama responds by arguing the proper venue is the Central District of California because he attended meetings with Glines in Nexicon's office in Malibu, California.  Ishiyama contends Krystoff was also in attendance at one of these meetings.  Ishiyama further states that Glines told him that Glines was working at Nexicon's Malibu office during the relevant time period and that he believes Glines and Krystoff executed the guarantees in California.

　　　　Glines responds that there is no appropriate venue in California because he is not subject to general personal jurisdiction there.  He admits he traveled to California while he worked for Nexicon, but he lives in Missouri.  Glines also states, without analysis or citation to any authority, that no California court has specific personal jurisdiction over him.  Krystoff did not respond.

////

A nonresident defendant's contacts with the forum state may permit the exercise of specific jurisdiction if: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155-56 (9th Cir. 2006). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). Under the first prong of this "minimum contacts test," the plaintiff must establish either that the defendant "(1) purposefully availed himself of the privilege of conducting his activities in the forum, or (2) purposefully directed his activities toward the forum." *Pebble Beach Co.*, 453 F.3d at 1155. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Id.* Evidence of direction usually consists of conduct taking place outside the forum that the defendant directs at the forum. *Id.* at 1155-56.

Whenever a court "finds there is a want of jurisdiction" in a civil action, the court "shall" transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," but only if the transfer is "in the interest of justice." 28 U.S.C. § 1631. Additionally, 28 U.S.C. § 1406(a) "authorize[s] the transfer of a case so as to cure the lack of personal jurisdiction in the district where the case was first brought" if the transfer is in the interest of justice. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983).

Without prejudice to the defendants filing motions to dismiss post-transfer, the filings before me support transfer to the Central District of California, Western Division. Glines admits he worked for Nexicon in California. ECF No. 8. Ishiyama states he met with Glines in Nexicon's California offices and that Krystoff was at one of these meetings. ECF Nos. 14-1; 46-1 at 2. According to Ishiyama, Glines stated he was working at Nexicon's Malibu, California

1  office. ECF No. 46-1 at 2. He also states that upon information and belief, Glines and Krystoff
2  executed the promissory note and guaranty documents in California. *Id.*

3  Based on this information, it appears Glines and Krystoff purposefully availed themselves
4  of the privilege of conducting their activities in California by conducting business and soliciting
5  investments in California. Ishiyama's claims arise out of those activities because he contends the
6  defendants have failed to honor their obligations under the guarantees. The defendants have not
7  shown why California's exercise of jurisdiction over them would be unreasonable. *See Boschetto*
8  *v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("If the plaintiff establishes both prongs one and
9  two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction
10 would not be reasonable."). I therefore will transfer this case to the Central District of California.

11 IT IS THEREFORE ORDERED that this case is transferred to the United States District
12 Court for the Central District of California, Western Division.

13 DATED this 13th day of October, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE